IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 4:14-cr-00141-GHD-SAA-1

FRANK GEORGE OWENS, JR.  DEFENDANT

## MEMORANDUM OPINION DENYING WITHOUT PREJUDICE DEFENDANT FRANK GEORGE OWENS, JR.'S MOTION FOR THE SAME PRIVILEGES AS OTHER INMATES AND OTHER RELIEF

Presently before the Court is Defendant Frank George Owens, Jr.'s motion for the same privileges as other inmates [311]. The Government has filed a response in opposition. The matter is now ripe for review. Upon due consideration and for the reasons set forth below, the Court finds that the motion must be denied.

In the superseding indictment in this cause, Defendant Owens is charged in counts 1, 3, 4, and 7 with conspiracy to participate in racketeering activity, the kidnapping of Michael James Hudson, the murder of Michael James Hudson, and the attempted murder of J.B. Defendant Owens is currently being detained pending trial and is separated from the inmate population, held in isolation, and without phone privileges.

Defendant Owens argues in the present motion that this Court should remove a restriction placed on him by the United States Marshals Service, "allow him the same privileges as other inmates," and return his family photographs, which he maintains were seized and confiscated during a search of his cell initiated by the Government based on a search warrant. Defendant Owens maintains that "there is probative value of these photographs and [he] respectfully requests that they be returned." Defendant Owens further maintains that he is "the only one of

1

the multiple defendants being held in this case" in isolation, lockdown, and without any phone privileges.

The Government argues in response that the Court should deny this motion because "[Defendant Owens] has failed to state a cause of action upon which the Court may order relief." The Government further maintains that "the [G]overnment has given [Defendant Owens] via its discovery production, scanned, color copies of his personal photographs" and that "[t]he [G]overnment objects to the return of the original photographs at this time, as they remain part of the original search warrant return and may well be used as evidence at trial in this matter." The Government argues that Defendant Owens' motion is in violation of the Prison Litigation Reform Act (the "PLRA").

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983) or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Defendant Owens has not indicated he has followed the required grievance process by presenting his allegations regarding his alleged unfair treatment in the jail. And nothing in the record before the Court suggests that Defendant Owens ever asked for information about filing a grievance and was refused such information or was given incorrect information. *See Dillon v. Rogers*, 596 F.3d 260, 265–69 (5th Cir. 2010) (concluding a dispute existed as to availability of remedies where officers informed prisoner that he could not file a grievance). Accordingly, Defendant Owens has failed to satisfy this Court that he has exhausted the administrative process. *See Bonner v. Alford*, 594 F. App'x 266, 267 (5th Cir. 2015) (per curiam) (citing *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006)).

2

Defendant Owens may refile his motion with further information about whether he has pursued the required grievance process in the jail, and at that time, the Court will reconsider the issue.

For all of the foregoing reasons, Defendant Frank George Owens, Jr.'s motion for the same privileges as other inmates and other relief [311] is DENIED WITHOUT PREJUDICE.

An order in accordance with this opinion shall issue this day.

THIS, the 3rd day of September, 2015.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE