IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 4:14-cr-00141-GHD-SAA

FRANK GEORGE OWENS, JR.                                                    DEFENDANTS
a/k/a "State Raised,"
PERRY WAYNE MASK, and
ERIC GLENN PARKER

## MEMORANDUM OPINION GRANTING THE GOVERNMENT'S MOTION TO HAVE PHOTOGRAPHS TAKEN OF THE DEFENDANTS' TATTOOS

Presently before the Court is the Government's motion *in limine* to have photographs taken of the Defendants' tattoos [514]. Defendant Frank George Owens, Jr. has filed a response in opposition [518]. Defendant Perry Wayne Mask has filed a motion for joinder [519] in Defendant Owens' objection. Defendant Eric Glenn Parker has filed a response in opposition [522] and joinder in Defendant Owens' objection. Upon due consideration, the Court finds that the Government's motion *in limine* [514] is well taken and that the Government should be allowed to take photographs of the Defendants' tattoos for the purpose of introducing the same as evidence of gang membership at trial.

In reaching this decision, the Court relied upon well-established rules of evidence and jurisprudence. In particular, Rule 104(b) of the Federal Rules of Evidence provides: "When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist." Fed. R. Evid. 104(b). Count 1 of the superseding indictment [203] charges the Defendants with conspiracy to participate in racketeering activity with the Aryan Brotherhood of Mississippi. The Defendants are specifically charged with "being persons employed by and associated with the [Aryan Brotherhood of Mississippi], an

enterprise engaged in, and the activities of which affected, interstate and foreign commerce, and others known and unknown to the Grand Jury, [who] did knowingly and intentionally conspire to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity . . . ." Superseding Indictment [203] at 13. Under Rule 104(b), photographic evidence of the tattoos purportedly showing gang membership is relevant to the case.

Furthermore, in applying the Rule 403 balancing test, the Court finds that any prejudice resulting from the admission of the photographs is outweighed by their substantial probative value. The photographs are admissible to show gang membership. However, in accordance with Rule 404(b), the photographs are not admissible as evidence of prior bad acts or crimes other than those charged in the superseding indictment.

Among the Fifth Circuit jurisprudence this Court relied upon reaching its decision is the case *Tasco v. Butler*, 835 F.2d 1120 (5th Cir. 1988), wherein the Fifth Circuit held that a sentencing court's judicial notice of a defendant's identifying tattoos did not infringe on his Fifth Amendment privilege. In support of its holding in *Tasco*, the Fifth Circuit cited *United States v. Wade*, 388 U.S. 218, 222, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967), wherein the Supreme Court stated:

> We have no doubt that compelling the accused merely to exhibit his person for observation by a prosecution witness prior to trial involves no compulsion of the accused to give evidence having testimonial significance. It is compulsion of the accused to exhibit his physical characteristics, not compulsion to disclose any knowledge he might have. . . . '[B]oth federal and state courts have usually held that (the privilege) offers no protection against compulsion to submit to fingerprinting, photography, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture.' [*Schmerber v. California*, 384 U.S. 757, 764, 86 S. Ct. 1826, 16 L. Ed. 2d 908 (1966)]. None of these activities becomes

testimonial within the scope of the privilege because required of the accused in a pretrial lineup.

This Court further relied on more recent Fifth Circuit cases, including *United States v. Gonzalez*, 236 F. App'x 962 (5th Cir. 2007) (per curiam), and *Diaz v. Quarterman*, 228 F. App'x 417 (5th Cir. 2007) (per curiam). In *Gonzalez*, the defendant challenged on appeal, *inter alia*, "the [trial court's] admission of pictures of his gang-related tattoo," but not to "other testimony establishing . . . his having a gang-related tattoo." *Gonzalez*, 236 F. App'x at 963. The Fifth Circuit found that the defendant failed to show that admission of the contested evidence constituted an abuse of discretion, given the other evidence introduced by the Government at trial. *Id.* at 963–64. Similarly, in *Diaz*, the defendant challenged on appeal the trial court's admission of evidence of his tattoos and evidence of gang membership. The Fifth Circuit found that the evidence supported the conviction and the trial court did not abuse its discretion in admitting the evidence. *Diaz*, 228 F. App'x at 427.

Based on all of the foregoing, the Court finds that the Government's motion *in limine* to have photographs taken of Defendants' tattoos [514] is GRANTED. The Government may take photographs of the Defendants' tattoos. The Government must produce the photographs for the Court's *in camera* review before offering into evidence.

An order in accordance with this opinion shall issue this day.

THIS, the 1st day of April, 2016.

*[signature]*

SENIOR U.S. DISTRICT JUDGE