```
                   UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF MISSISSIPPI



UNITED STATES OF AMERICA,      )
                               )
        Plaintiff,             )     CASE NO. 4:14CR141
                               )
        vs.                    )
                               )
FRANK GEORGE OWENS, JR.,       )
AND ERIC GLENN PARKER,         )
                               )
        Defendants.            )
_____




                   JURY TRIAL - DAY 8
       BEFORE SENIOR DISTRICT JUDGE GLENN H. DAVIDSON
           WEDNESDAY, APRIL 13, 2016; 9:00 A.M.
                   OXFORD, MISSISSIPPI



FOR THE GOVERNMENT:


     United States Attorney's Office
     SCOTT LEARY, ESQ.
     CLAY DABBS, ESQ.
     900 Jefferson Avenue
     Oxford, Mississippi   38655-3608


     U.S. Department of Justice
     KELLY KATHLEEN PEARSON, ESQ.
     1301 New York Avenue, NW
     Suite 49
     Washington, DC   20005
```

```
1   FOR THE DEFENDANT FRANK GEORGE OWENS, JR.:

2
        Attorney at Law
3       WILLIAM ANDY SUMRALL, ESQ.
        Post Office Box 1068
4       Jackson, Mississippi 39215-1068

5

6
    FOR THE DEFENDANT ERIC GLENN PARKER:
7

8       Attorney at Law
        JOSHUA A. TURNER, ESQ.
9       103 North Lamar, Suite 205
        Oxford, Mississippi 38655
10

11

12

13

14

15      Proceedings recorded by mechanical stenography, transcript
    produced by computer.
16  _____

17              RITA DAVIS YOUNG, FCRR, RPR, CSR #1626
                  FEDERAL OFFICIAL COURT REPORTER
18              911 JACKSON AVENUE EAST, SUITE 369
                    OXFORD, MISSISSIPPI  38655
19

20

21

22

23

24

25
```

```
 1              (JURY DELIBERATIONS RESUMED AT 9:00 A.M.

 2                     WITHOUT DEFENDANTS PRESENT)

 3

 4               (DISCUSSION IN CHAMBERS AT 9:56 a.m.

 5                     WITHOUT DEFENDANTS PRESENT)

 6           THE COURT:  Okay.  The record should reflect that the

 7  Court is convened in chambers with the attorneys for both the

 8  United States and the defendants, Owens and Parker, in Cause

 9  No. 4:14CR141.  Our jury is in deliberations, and the Court has

10  received the following note.  The jury is asking for a

11  recording to play the CDs.  I asked the counsel for the United

12  States what capability do we have?

13           MR. LEARY:  I believe we have the capability to play

14  it.

15           THE COURT:  Okay.  Who would have to play it?

16           MR. LEARY:  I would send our -- Billie York, who is

17  sitting with us, our paralegal, instruct her not to say a

18  thing.  Unless you don't want her to, and then somebody else

19  would have go in there and play it.

20           MR. SUMRALL:  I would have no objection to Billie

21  York doing it.  I think she would competently do it and be

22  quiet.  I think she would follow instructions.

23           MR. TURNER:  Your Honor, my only objection is -- I

24  think she would do what she was told, but she's been sitting at

25  their table the whole time.  It would look prejudicial at that
```

1  point because she's their person.

2          THE COURT: Okay. The other --

3          MR. TURNER: Do we have an independent -- I'm sorry.

4  Is there anybody independent that did not sit at y'all's table

5  that's also a tech person in the office? That's my only thing.

6          THE COURT: Okay. The other alternative is to open

7  court, put the jury in the box, and play them in court just

8  like they were played during the trial.

9          MR. TURNER: I'll go with Billie, then.

10         THE COURT: Okay. Option A is to have -- what's the

11 lady's name?

12         MR. LEARY: Billie York.

13         THE COURT: Billie York, who is an employee in the

14 U.S. Attorney's Office, technician or --

15         MR. LEARY: She's a paralegal, but she's been trained

16 and she's proficient --

17         MS. PEARSON: She's our IT person.

18         MR. TURNER: I would ask only one thing, Your Honor,

19 that is, that you instruct her personally.

20         THE COURT: Okay. Well, let's do it while we're all

21 assembled here. Will you bring her in?

22         MR. LEARY: Yes, Your Honor.

23         MR. SUMRALL: Your Honor, just for the record, I will

24 say that she has been there doing the technical stuff all

25 along; so I would have no objection to it. The jury has seen

1    her as the technical person --

2             THE COURT:  She hasn't opened her mouth in any way.

3             MR. SUMRALL:  No, sir.

4             MR. TURNER:  Did the jury specify which CDs or just

5    CDs?

6             MR. LEARY:  Your Honor, this is Billie York.

7             MS. YORK:  Hello.

8             THE COURT:  Ms. York, the jury has sent a note to the

9    Court saying that they want a recorder to play the CDs.  Well,

10   they're not going to know how to play them if I just send a

11   recorder back there.

12        And the parties have agreed that the proper avenue to

13   travel here is for you to play the tapes -- the CDs for the

14   jury.  Now, I instruct you not to have any sort of

15   conversation, any exchange other than what tapes they want or

16   what recordings they want to hear.

17            MS. YORK:  Yes, sir.

18            THE COURT:  And then if you could play that for the

19   jury.

20            MS. YORK:  Sure.

21            THE COURT:  Now, do we need to have help to transport

22   the equipment to the jury room?

23            MS. YORK:  No, sir.

24            THE COURT:  You can do that?

25            MS. YORK:  Yes, sir.

```
 1              THE COURT:  Very well.  Okay.
 2        Does Defendant Owens object to that procedure?
 3              MR. SUMRALL:  No, Your Honor.
 4              THE COURT:  Defendant Parker?
 5              MR. TURNER:  No, Your Honor.  Will she be starting --
 6  some of those are lengthy.  Is she going to start it and come
 7  back out, or stay with them while it plays, is my only
 8  question?
 9              THE COURT:  I would think the technician would have
10  to stay there.  Just don't have any oral communication with
11  them, other than what tapes they want to hear.
12              MS. YORK:  Yes, sir.
13              THE COURT:  Does Defendant Parker object?
14              MR. TURNER:  No, Your Honor.
15              THE COURT:  Very well.  If you could accomplish that,
16  please, ma'am.
17              MS. YORK:  Yes.
18              THE COURT:  And the bailiff -- I don't know.  If you
19  would tell one of these bailiffs to come in, Charlie,
20  whoever's -- I don't know what bailiff is sitting with the
21  jury.  Now, what bailiff is with the jury, sitting at the door?
22              THE COURT SECURITY OFFICER:  Billy Bonds.
23              THE COURT:  Okay.  If you would instruct Mr. Bonds to
24  assist the lady here in playing these tapes if she needs
25  somebody to pick up or whatever.
```

```
 1            THE COURT SECURITY OFFICER:  Yes, sir.
 2            THE COURT:  Okay, sir.
 3            THE COURT SECURITY OFFICER:  Yes, sir.
 4            THE COURT:  Very well.  Thank you.
 5            THE COURT SECURITY OFFICER:  Yes, sir.
 6            THE COURT:  Please, ma'am, go ahead and do that for
 7 us.
 8            MS. YORK:  Yes, sir.
 9            THE COURT:  Okay.  Raye, we always keep a copy of any
10 notes sent to the Judge during deliberations; that will be made
11 a part of the record in this case.  And I'm just going to
12 answer this "appropriate personnel will be sent to the jury
13 room to accomplish the foregoing."
14            MR. TURNER:  Yes, Your Honor.
15            THE COURT:  4/13/16 at 9:50 a.m.
16            THE COURT SECURITY OFFICER:  Judge, before we got
17 there, they got it going; they played it on the TV.  They got
18 it hooked up, so they listening now.
19            THE COURT:  They got it hooked up to equipment in the
20 jury room?
21            MS. PEARSON:  They have an IT person.
22            THE COURT:  I guess -- yeah, somebody -- 12 of your
23 peers, I guess, today, includes somebody who works in the IT
24 department.
25            THE COURTROOM DEPUTY:  There's a TV in there?
```

```
 1              THE COURT SECURITY OFFICER:  Yes, ma'am.  I knew they
 2   had it in the there.  I didn't say anything, but --
 3              THE COURT:  Very well.  They can play it themselves.
 4   Wait just a minute.  I'm going to go ahead and finish my
 5   sentence.  "Appropriate personnel will be sent to play the
 6   recordings."  Okay.  That's my 9:50 message.
 7              MR. SUMRALL:  And then I think you should add "if
 8   needed."
 9              THE COURT:  My 9:51 message -- now, listen to this.
10   Let's put it 9:52 a.m.  "The Court is informed that you have
11   equipment and expertise to play the tapes."  Is that
12   satisfactory?
13              MR. SUMRALL:  Yes, sir.
14              MR. TURNER:  Yes, sir.
15              THE COURT:  "The Court has just been informed that
16   you have equipment and knowledge to play the recordings."
17              MR. SUMRALL:  That's fine, Your Honor.
18              MR. TURNER:  Yes, Your Honor.
19              THE COURT:  And might -- just for clarification, I
20   might add I am informed that -- well, I think that's good
21   enough.  Yeah.  Okay.  If you'll file that.  Just show it to
22   Mr. Turner briefly.  You know, you never know.
23              MR. SUMRALL:  (Perusing document).
24              MR. DABBS:  Half the time, we can't get the equipment
25   to work in the courtroom; and they got it working on their own.
```

```
 1              MS. PEARSON:  By the TV.
 2              THE COURT:  Yeah.  There's somebody on that -- you
 3   know, one of the jurors knows how to operate the equipment.
 4              MR. LEARY:  Not me.
 5              MR. TURNER:  We have no objections.
 6              MR. SUMRALL:  No objection, Your Honor.
 7              THE COURT:  Very well.  The Court's response has been
 8   furnished to counsel.  There's no objection.  I'll ask that the
 9   clerk file these notes and make it a part of the record.
10              THE COURTROOM DEPUTY:  Yes, sir.
11              THE COURT:  Now, it's been my experience that when
12   you get one note --
13              MR. TURNER:  Especially after you answer it.
14              THE COURT:  Yeah, that's true.  After you answer it,
15   the jury now has an outlet for their pressure.  It's been my
16   experience, you get one note, you'll continue to get notes.  So
17   every time I hear from the jury, I'm going to convene you
18   people in chambers just like we are now.
19              MR. TURNER:  Yes, Your Honor.
20              THE COURT:  Very well.
21              MR. LEARY:  Thank you, Judge.
22              MR. TURNER:  Thank you, Your Honor.
23              THE COURT:  Stay nearby.
24              MR. SUMRALL:  Yes, sir.
25   (END OF DISCUSSION IN CHAMBERS 9:54 a.m.)
```

```
 1        (Recess at 10:03 a.m. for further jury deliberations)
 2               (DISCUSSION IN CHAMBERS AT 10:08 a.m.
 3                     WITHOUT DEFENDANTS PRESENT)
 4           THE COURT:  Okay.  It took 12 minutes to get the
 5   second note.
 6           MR. TURNER:  Oh, I thought y'all been waiting on me
 7   for 12 minutes.
 8           THE COURT:  No, no, no.  We been waiting on you about
 9   2 minutes.  Okay.  "What is the legal definition of attempted
10   murder?"  Question mark, signed by the foreperson.  Now, how
11   does the Government suggest that I respond to this inquiry?
12   You want to confer just a moment?
13        (Off-the-record discussion)
14           THE COURT:  For the record, the Court's convened in
15   chambers with the attorneys for both the United States and the
16   two defendants.
17        (Off-the-record discussion)
18           MR. LEARY:  Your Honor, I think I'd just point them
19   to the jury instructions.
20           MR. SUMRALL:  I agree, Your Honor; that you should
21   simply say your instructions are the instructions on the law
22   that you must consider in deciding this and leave it at that.
23   I think anything further would be outside.
24           THE COURT:  Okay.  Mr. Turner?
25           MR. TURNER:  I agree with Mr. Sumrall, Your Honor.
```

```
 1              THE COURT:  Okay.  Now, they do not have written
 2 copies of instructions; but what I propose with this note is to
 3 just tell them please rely on your memory and the Court's
 4 instructions to you, period.  I am very hesitant to give one
 5 instruction to a jury without giving all of them.
 6              MR. TURNER:  Yes, Your Honor.
 7              MR. SUMRALL:  I agree.
 8              THE COURT:  Because, if you give just one instruction
 9 to a jury, it's obvious that you're emphasizing that one
10 instruction.  And I just -- in my opinion, that's not proper.
11 Now, when the Court read that charge to the jury, it took an
12 hour and 20 minutes, I think.  So, as I thought previously -- I
13 may not have suggested this; I think I did.  Is that -- let's
14 see.  An hour and 20 minutes, that's 80 minutes.  So, if we
15 give the jury charge to the jury the second time, I think the
16 Government's counsel should read for 40 minutes and defense
17 counsel for 40 minutes.
18              MR. LEARY:  Judge, that was the most gruelling thing
19 I've witnessed in a courtroom.
20              THE COURT:  Okay.  I'm going to say "Please rely on
21 your memory as to the Court's instructions to you."
22              MR. TURNER:  Yes, Your Honor.
23              THE COURT:  "Please rely on your memory as to the
24 Court's instructions."  Okay.  Let's deliver this to the jury.
25              MR. TURNER:  No objections, Your Honor.
```

```
 1            MR. SUMRALL:  No objection, Your Honor.
 2            MR. LEARY:  Thank you, Judge.
 3            THE COURT:  Okay.  We'll deliver this to the jury.
 4  Give a copy of the clerk.
 5            MR. LEARY:  Very well.
 6  (END OF DISCUSSION IN CHAMBERS 10:14 a.m.)
 7  (DISCUSSION IN CHAMBERS 12:34 p.m. WITHOUT DEFENDANTS PRESENT)
 8            THE COURT:  I've got the following note from the
 9  jury:  "Is it possible to get the MS Code Annotated Section
10  97-3-19 and 97-1-7(2) in violation of 18 USC 1959(a)(5) and
11  (2)?"
12       Okay.  Now, the way I construe that is it's just asking
13  for a jury instruction.  And what do you think my previous --
14  that I'm -- I cannot furnish you additional instructions at
15  this point?
16            MR. SUMRALL:  Yes, sir.
17            MR. TURNER:  Yes, sir.
18            THE COURT:  In the proceeding.
19            MR. LEARY:  Yes, sir.
20            THE COURT:  "I cannot furnish you with additional
21  instructions at this point."  And I'm just going to say "in the
22  trial."  Does that sound satisfactory to all counts?
23            MR. LEARY:  Yes, Your Honor.
24            MR. SUMRALL:  Yes, Your Honor.
25            MR. TURNER:  Yes, Your Honor.
```

```
 1              THE COURT:  Okay.  I need to get an affirmative

 2   answer from both the Government and the defendant.

 3              MR. LEARY:  The Government has no objection, Your

 4   Honor.

 5              MR. SUMRALL:  No objection, Your Honor.

 6              MR. TURNER:  No objection.

 7              THE COURT:  Now off the record.

 8        (Off-the-record discussion)

 9   (END OF DISCUSSION IN CHAMBERS AT 12:51 p.m.)

10              THE COURT:  The Court's informed that the jury's

11   reached a verdict in this case.  So, Mr. Marshal, if we could

12   have the jury, please, sir.

13        (JURY IN AT 1:20 p.m. WITH DEFENDANTS PRESENT)

14              THE COURT:  Okay.  Everyone may be seated.

15        Ms. Pearson, the Court is informed that the jury has

16   reached a verdict.  Is that correct, please, ma'am?

17              THE FOREPERSON:  Yes, sir.

18              THE COURT:  I'll ask you, please, ma'am, is the

19   verdict of the jury unanimous; that is, did all 12 of you vote

20   to return this verdict?

21              THE FOREPERSON:  Yes, sir.

22              THE COURT:  Very well.  If you'll hand it to the

23   marshal, please.  Very well, at this time, the Court will

24   publish the verdict of the jury.  We the jury find, as to the

25   superseding indictment, the Defendant Frank Owens, Jr., as to
```

1  Count 1, guilty; as to Count 3, guilty; as to Count 4, guilty;

2  as to Count 7, guilty.

3       We the jury find, as to the superseding indictment, the

4  Defendant Eric Glenn Parker, as to Count 1, guilty; as to count

5  2, guilty; as to Count 4, guilty.  And the verdict form is

6  signed by the forelady -- foreperson and dated today, April

7  the 13th, 2016.

8       Now, ladies and gentlemen of the jury, given Count 1 of

9  this indictment, there are further proceedings that I must have

10 you address -- or must possibly address.  And I was forbidden

11 to tell you that before you reached your verdict as to Count 1

12 of this indictment.  I'm going to excuse the jury for just a

13 few moments, if you'll go to the jury room and wait until the

14 Court calls for you to return to the courtroom.

15          MR. TURNER:  Your Honor, I'm sorry.  May we approach?

16          THE COURT:  Yes, sir.

17          (DISCUSSION AT SIDEBAR OUTSIDE THE HEARING OF

18             THE JURY WITHOUT DEFENDANTS PRESENT)

19          MR. TURNER:  Your Honor, I'm going move that the jury

20 be polled as to each count of the indictment for my client, as

21 to each count.

22          THE COURT:  Yeah, I was going to ask that.

23          MR. TURNER:  I thought you were going to recess them,

24 so I apologize.

25          THE COURT:  At some point, I would have polled the

1  jury.  Okay.  Very good.  Very well.

2        (END OF DISCUSSION AT SIDEBAR OUT OF HEARING OF

3              THE JURY WITHOUT DEFENDANTS PRESENT)

4          THE COURT:  Let me ask you, as to the Government, is

5  there any request from the Government to poll the jury?

6          MR. LEARY:  No, Your Honor.

7          THE COURT:  Very well.  As to the Defendants Owens

8  and Parker, I'll ask you jointly, do you wish the jury be

9  polled?

10         MR. SUMRALL:  I do, Your Honor.

11         THE COURT:  Very well.  Ladies and gentlemen of the

12 jury, you've heard the verdict published by the Court.  In

13 other words, both defendants were found guilty as to all counts

14 in which they were indicted.

15      At this time, the clerk of the court will poll the jury.

16 And this poll will be as to all counts.  As to Mr. Parker,

17 would be Counts 1, 2 and 4; and, to Mr. Owens, Counts 1, 3, 4

18 and 7.  So if you'll listen to the clerk of the court.

19      Madam Clerk, if you would please poll the jury.

20         THE COURTROOM DEPUTY:  Please answer yes or no if

21 this is your verdict as published by the Court.  Juror No. 139?

22         JUROR NO. 139:  Yes.

23         THE COURTROOM DEPUTY:  Juror No. 89?

24         JUROR NO. 89:  Yes.

25         THE COURTROOM DEPUTY:  Juror No. 198?

```
 1              JUROR NO. 198:  Yes.

 2              THE COURTROOM DEPUTY:  Juror No. 76?

 3              JUROR NO. 76:  Yes.

 4              THE COURTROOM DEPUTY:  Juror No. 152?

 5              JUROR NO. 152:  Yes.

 6              THE COURTROOM DEPUTY:  Juror No. 170 -- excuse me.

 7   Juror No. 198?  Have I missed one?  Pardon me.  Juror No. 71?

 8              JUROR NO. 71:  Yes.

 9              THE COURTROOM DEPUTY:  Juror No. 125?

10              JUROR NO. 125:  Yes.

11              THE COURTROOM DEPUTY:  Juror No. 204?

12              JUROR NO. 204:  Yes.

13              THE COURTROOM DEPUTY:  Juror No. 174?

14              JUROR NO. 174:  Yes.

15              THE COURTROOM DEPUTY:  Juror No. 11?

16              JUROR NO. 11:  Yes.

17              THE COURTROOM DEPUTY:  Juror No. 28?

18              JUROR NO. 28:  Yes.

19              THE COURT:  Okay.  Mister --

20              MR. TURNER:  Your Honor, that's not all 12 jurors.

21              THE COURT:  Wait -- wait just a second, just a

22   second.

23              THE COURTROOM DEPUTY:  Is there a juror that I have

24   not called?

25              THE COURT:  Okay.  Juror No. 67 I don't believe I
```

1  heard a response from.

2          JUROR NO. 67:  Yes.

3          THE COURTROOM DEPUTY:  Thank you.

4          THE COURT:  Okay.  I believe that's all 12 jurors.

5  Okay.  Now, the Court -- with the answer from Juror No. 67, I

6  believe that all 12 of you answered in the affirmative.  Is

7  that correct?

8          THE JURY:  Yes.

9          THE COURT:  Very well.  Now you may -- if you will,

10 for just a few moments, please return to the jury room; and

11 I'll be calling you momentarily.

12      (JURY OUT AT 1:26 p.m.)

13         THE COURT:  Okay.  You may all be seated.  The United

14 States has tendered to the Court an interrogatory form that is

15 submitted to the Court relative to the RICO count, Count 1 of

16 this indictment, taking into account the rulings of the United

17 States Supreme Court in the case of *Apprendi v. New Jersey,* 530

18 U.S. 466, 147 L. Ed. 2d 435, 2000.  What's the Government's

19 position on this interrogatory?

20         MR. LEARY:  Your Honor, at this stage, we'll withdraw

21 that special instruction.

22         THE COURT:  Very well.  The *Apprendi* interrogatory

23 request from the United States is withdrawn.  And I'm sure the

24 jury will not object to that.

25     Yes, let's have the jury back, please.

```
 1      (JURY IN AT 1:27 p.m.)

 2           THE COURT:  Madam Clerk, I'm going to hand you the

 3 verdict form to be filed in this case, please.

 4      Everyone may be seated.  Ladies and gentlemen of the jury,

 5 as I told you when you came in here Monday -- really, ten days

 6 ago, I told you at that time that you will exercise and fulfill

 7 and discharge one of the highest, most important callings of

 8 citizenship by serving as a juror in our trial courts.  And

 9 you've fulfilled that duty now.

10      And I'm going to ask if the marshals, the bailiffs, would

11 escort the jury back to my chambers.  And then, if you have

12 certificates reflecting their service that they can give to

13 their employers, we'll give them to the jury at that time.  So

14 if the marshals will escort them back into these chambers.

15      (JURY OUT AT 1:30 p.m.)

16           THE COURT:  Okay.  You may be seated, everybody in

17 the courtroom.  Mr. Parker and Mr. Owens, you've heard the

18 verdict of the jury.  The United States Probation Service will

19 conduct a detailed investigation into your background , into

20 the facts giving rise to the commission of these offenses.

21      A detailed written Presentence Report will be prepared.

22 You and your attorneys will have access to that report.  You

23 may object to any part of the report that you feel is not

24 accurate.  Hopefully, the probation service will resolve any

25 objections or disputes to the Presentence Report.
```

```
 1      This report -- both of you have experienced criminal trial
 2   attorneys; and they will, with you, have access to this
 3   Presentence Report.  The report is importance to you, the
 4   Presentence Investigation Report, in that that will form the
 5   basis for the computation of the sentencing guidelines
 6   established by the United States Sentencing Commission.
 7      Now, those guidelines are advisory.  But this Court, as
 8   does practically every federal court in the United States,
 9   gives some attention and adherence to those guidelines, which
10   really serve as guidance to a trial court.
11      That process in preparing the Presentence Report, and you
12   and the Government filing any objections you have to the
13   Presentence Report, will take some eight weeks, something in
14   that range.  And, after the Presentence Report has been
15   prepared, you'll be sentenced thereafter.
16      Okay.  Do we have any question, Mr. Sumrall and
17   Mr. Turner?
18         MR. SUMRALL:  No, Your Honor.
19         MR. TURNER:  No, Your Honor.
20         THE COURT:  Very well.  I believe that concludes the
21   matter.  Okay.  The defendants are remanded to the custody of
22   the United States Marshal to await sentencing.  Court 's
23   adjourned.
24            (Proceedings concluded at 1:32 p.m.)
25
```

```
 1                CERTIFICATE OF OFFICIAL REPORTER

 2

 3

 4         I, Rita Davis Young, Federal Official Realtime

 5  Court Reporter, in and for the United States District Court for

 6  the Northern District of Mississippi, do hereby certify that

 7  pursuant to Section 753, Title 28, United States Code that the

 8  foregoing is a true and correct transcript of the

 9  stenographically reported proceedings held in the

10  above-entitled matter; and that the transcript page format is

11  in conformance with the regulations of the Judicial Conference

12  of the United States.

13

14

15                    Dated this 19th day of December, 2016.

16

17

18

19                    /s/ Rita Davis Young
                      RITA DAVIS YOUNG, FCRR, RPR, CSR #1626
20                    Federal Official Court Reporter

21

22

23

24

25
```