```
 1                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF MISSISSIPPI
 2

 3   UNITED STATES OF AMERICA,      )
                                    )
 4          Plaintiff,               )        CASE NO. 4:14CR141
                                    )
 5          VS.                      )
                                    )
 6   FRANK GEORGE OWENS, JR.,       )
                                    )
 7          Defendant.               )

 8

 9      SENTENCING AS TO COUNTS 1, 3, 4, AND 7 OF THE INDICTMENT
           BEFORE SENIOR DISTRICT JUDGE GLEN H. DAVIDSON
10            WEDNESDAY, NOVEMBER 2, 2016; 9:30 A.M.
                     OXFORD, MISSISSIPPI
11
     FOR THE GOVERNMENT:
12
         United States Attorney's Office
13       SCOTT LEARY, ESQ.
         CLAY DABBS, ESQ.
14       900 Jefferson Avenue
         Oxford, Mississippi  38655-3608
15
         U.S. Department of Justice
16       KELLY KATHLEEN PEARSON, ESQ.
         1301 New York Avenue, NW
17       Suite 49
         Washington, DC  20005
18
     FOR THE DEFENDANT:
19
         Attorney At Law
20       WILLIAM ANDY SUMRALL, ESQ.
         Post Office Box 1068
21       Jackson, Mississippi  39215-1068

22       Proceedings recorded by mechanical stenography, transcript
     produced by computer.
23

24           RITA DAVIS YOUNG, FCRR, RPR, CSR #1626
                 FEDERAL OFFICIAL COURT REPORTER
25           911 JACKSON AVENUE EAST, SUITE 369
                 OXFORD, MISSISSIPPI  38655
```

```
 1  (CALL TO ORDER OF THE COURT)

 2            THE COURT:  Let's see.  Raye, please put Government's

 3  counsel on the appearance sheet.

 4            THE COURTROOM DEPUTY:  The only one that is

 5  representing is Mr. Dabbs.  The other two are just sitting in.

 6            THE COURT:  They've got names.

 7            THE COURTROOM DEPUTY:  Yes, sir.

 8            THE COURT:  Okay.  I apologize.  I had this on my

 9  calendar for ten o'clock.  Okay.  The Court calls Cause No.

10  4:14CR141, United States of America v. Frank George Owens, Jr.

11  The record should reflect that the United States is represented

12  in this proceeding by Assistant United States Attorney Clay

13  Dabbs, Assistant United States Attorney Scott Leary; and, from

14  the United States Department of Justice, Kathleen Pearson.

15       This defendant, Mr. Owens, is in court with his attorney,

16  Mr. William A. Sumrall.  Now, Counsel, the submissions to the

17  Court indicate that there are no objections to the Presentence

18  Investigation Report.  Is that correct, Mr. Sumrall?

19            MR. SUMRALL:  That's correct, Your Honor.

20            THE COURT:  Very well.  If you'll come stand before

21  the Court, please.

22        (PARTIES COMPLYING)

23            THE COURT:  Okay.  The submissions to the Court

24  having indicated that there are no objections to the

25  Presentence Investigation Report, the Court adopts the
```

1  Presentence Investigation Report, including any factual
2  findings in that report, as the findings of the Court.
3       This was a lengthy trial that this Court presided over
4  previously.  The Court notes that no count of conviction
5  carries a mandatory minimum sentence.  The guidelines that are
6  applicable to this case are as follows:  A total offense level
7  of 43, a criminal history category VI; the guidelines call for
8  imprisonment for life.
9       In the event that there is ever any supervised release in
10 this case, the period of supervised release is 5 years.  The
11 guidelines call for a fine of 25,000 to 250,000 dollars.  The
12 Court announces, at the outset, that it will not assess a fine
13 in this case; the defendant having, heretofore, been found to
14 be indigent.  Mr. Sumrall's appointed counsel in the case.
15 There will be no fine.
16      At this time, Mr. Sumrall, Mr. Owens, the Court will hear
17 any statements you wish to make prior to the imposition of
18 sentence.
19           MR. SUMRALL:  We have none, Your Honor.
20           THE COURT:  Okay.
21      Does the Government have a statement?
22           MR. DABBS:  Just briefly, Your Honor.  Obviously, you
23 presided over the trial and heard the evidence.  You heard the
24 audiotapes of Mr. Owens.  He was the -- one of the leaders of
25 the Aryan Brotherhood, a violent, white supremacist prison gang

1  that was wreaking havoc both inside and outside of prison.

2       There's no indication -- he was totally committed to the

3  Aryan Brotherhood, and there's no indication that he's not

4  still committed to the Aryan Brotherhood. He orchestrated the

5  brutal kidnapping and murder of Michael Skip Hudson, and there

6  was no indication that he's shown any remorse for that crime

7  that he was convicted of before the jury.

8       The guideline range is off the charts. It was a 47, but

9  it doesn't go any higher than 43. And, in this case, the

10 guidelines are exactly right; the appropriate sentence in this

11 case should be life in prison. There's no indication that

12 Mr. Owens can function in the free world, and he certainly is a

13 significant danger to the community.

14       THE COURT: Very well. The Court, of course,

15 presided over the lengthy trial where this defendant was

16 convicted of four counts, Count 1, Count 3, Count 4, and

17 Count 7 of the superseding indictment in this cause. The trial

18 was lengthy. The Court heard numerous witnesses.

19       The Court has -- in addition to presiding over the trial

20 and being familiar with all of the facts giving rise to these

21 convictions, has carefully studied the Presentence

22 Investigation Report, Mr. Owens' background, record, and the

23 facts giving rise to the commission of this offense.

24       It now becomes this Court's duty to assess a sentence that

25 is significant and sufficient to protect the public and to

1  admonish and punish this defendant.  Taking all things into
2  consideration, the nature of the conviction, the Court imposes
3  the following sentence:  Pursuant to the Sentencing Reform Act
4  of 1984, it is the judgment of the Court that the defendant,
5  Frank George Owens, Jr., is hereby committed to the custody of
6  the United States Bureau of Prisons to be imprisoned for a term
7  of life on Counts 1, 3, and 4 of the superseding indictment.
8       Further, as to Count 7 of the indictment, the defendant is
9  sentenced to 120 months' incarceration.  The 120 months shall
10 be served concurrently with the previously imposed sentence of
11 life in prison.  The Court has imposed a term of life in prison
12 as the period of incarceration of this defendant.
13      In the event the defendant ever is placed on supervised
14 release, or in the event any of his appeals are successful and
15 supervised release becomes pertinent, in that event, the
16 defendant shall be placed on supervised release for a term of
17 5 years.  This term consists of 5 years on each of Counts 1, 3
18 and 4, and 3 years on Count 7 of the superseding indictment,
19 such terms shall be served concurrently.
20      In the event the defendant is ever released on supervised
21 release, the following mandatory conditions shall apply:  The
22 defendant shall not possess a firearm, destructive device, or
23 any other dangerous weapon.  The defendant shall cooperate in
24 the collection of DNA as directed by his probation officer.
25      The Court has addressed the matter of fine.  No fine is

1  being imposed.  Also, the restitution is not applicable to this
2  case and will not be imposed.  It is ordered that the defendant
3  shall pay to the United States District Court Clerk's Office
4  for the Northern District of Mississippi the special assessment
5  of $100 on each count of conviction or a total of $400, which
6  is due immediately.
7       Now, in this case, the Court has imposed a sentence within
8  the guideline range.  The -- there is no minimum and maximum
9  applicability of the guideline range; the guideline range calls
10 for life imprisonment.  The Court has addressed the matter of
11 restitution.
12      In passing sentence in this case, the Court has considered
13 the advisory guideline range, the statutory penalties, and the
14 sentencing factors enumerated in 18, United States Code,
15 Section 3553(a)(2), which state that the sentence imposed shall
16 reflect the seriousness of the actual offense, promote respect
17 for the law, provide just punishment, afford deterrence to
18 criminal conduct, and protect the public; also taking into
19 account any medical problems or conditions of this defendant.
20      The Court finds no reason to depart from the sentence
21 called for by the application of the guidelines inasmuch as the
22 facts are found to be the type contemplated by the United
23 States Sentencing Commission.
24      Now, Mr. Owens, you, of course, have the right to appeal
25 your conviction, the right to appeal this sentence, any

1  sentence imposed illegally or as a result of a miscalculation

2  of the guidelines or outside of the guideline range, which is

3  plainly unreasonable.

4       Now, you're aware of your appellate rights.  Mr. Sumrall,

5  has filed post-trial motions in your case.  And Mr. Sumrall

6  will continue to serve as your attorney, appointed attorney as

7  the appeal is pursued in this case.  That concludes sentencing.

8  Do we have any question?

9           MR. DABBS:  Your Honor, to the extent necessary, the

10 Government would move to dismiss the original indictment at

11 this time.

12          THE COURT:  Okay.  There was a superseding indictment

13 in this case.  The defendant was tried and convicted of the

14 counts in the superseding indictment.  On motion of the United

15 States, the original indictment in the case is dismissed.

16          MR. SUMRALL:  Your Honor, we would request that the

17 Court recommend that he be sentenced to a facility as close to

18 the coast of Mississippi as possible that he would qualify to

19 with the Bureau of Prisons.

20          THE COURT:  Okay.  Repeat that.

21          MR. SUMRALL:  We'd ask that the Court recommend that

22 he be sentenced to a facility as close to the coast of

23 Mississippi as he would qualify for with the Bureau of Prisons.

24          THE COURT:  Okay.  The matter of the place of

25 incarceration is a matter within the purview -- the

1  responsibility of the United States Bureau of Prisons.  The
2  Court requests that the Bureau of Prisons consider placing this
3  man as closely as possible to the Mississippi Gulf Coast.
4          MR. DABBS:  Your Honor, if I could just add -- and I
5  understand the request.  The Government's concern is that
6  Mr. Owens was a significant -- he committed a lot of these
7  crimes while he was in prison, and there may be -- and the
8  Government's position would be that he needs to be, actually,
9  as far away from Mississippi as he could be because -- to get
10 away from other members of the prison gang and take precautions
11 that he might continue to try to participate in the Aryan
12 Brotherhood.
13         THE COURT:  Okay.  Well, the Government has requested
14 that the defendant's membership in the prison gang the Aryan
15 Brotherhood be taken into consideration by the United States
16 Bureau of Prisons when it's determined as to which facility he
17 would be placed.  As I state, this is strictly a matter within
18 the ambit and purview of the United States Bureau of Prisons.
19 Anything further?
20         MR. SUMRALL:  Yes, Your Honor.  May we approach?
21         THE COURT:  Yes, sir.
22      (DISCUSSION AT SIDEBAR WITHOUT THE DEFENDANT PRESENT)
23         MR. SUMRALL:  I'm asking the Court, because of the
24 position of my wife has been sent home to hospice, to appoint
25 someone else to handle the appeal.  I'll file the notice of

1  appeal, but I'm asking the Court to appoint some other attorney
2  to handle the appeal in this matter.
3           THE COURT:  Very well.  Mr. Sumrall, if you would,
4  please, submit a written motion to the Court.
5           MR. SUMRALL:  I will.  Thank you.
6           THE COURT:  Very well.  Let's handle this by a
7  written motion.
8           MR. SUMRALL:  Thank you, Judge.
9           THE COURT:  Thank you.
10  (END OF DISCUSSION AT SIDEBAR WITHOUT THE DEFENDANT PRESENT)
11          THE COURT:  Okay.  That concludes this matter.  The
12  defendant is remanded to the custody of the United States
13  Marshall to begin his sentence.
14                (THE HEARING ENDED AT 9:45 a.m.)
15
16
17
18
19
20
21
22
23
24
25

```
 1                CERTIFICATE OF OFFICIAL REPORTER

 2

 3

 4          I, Rita Davis Young, Federal Official Realtime

 5   Court Reporter, in and for the United States District Court for

 6   the Northern District of Mississippi, do hereby certify that

 7   pursuant to Section 753, Title 28, United States Code that the

 8   foregoing is a true and correct transcript of the

 9   stenographically reported proceedings held in the

10   above-entitled matter; and that the transcript page format is

11   in conformance with the regulations of the Judicial Conference

12   of the United States.

13

14

15                  Dated this 19th day of December, 2016.

16

17

18

19                  /s/ Rita Davis Young
                    RITA DAVIS YOUNG, FCRR, RPR, CSR #1626
20                  Federal Official Court Reporter

21

22

23

24

25
```